# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 18CR3828WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| JOSE MIGUEL MONTES-GARCIA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment under § 1326(d) filed by the Defendant Jose Miguel Montes-Garcia. (ECF No. 20).

**FACTUAL BACKGROUND**

On September 30, 1997, Defendant was served with a Notice To Appear (NTA) in immigration court for removal proceedings. The NTA indicated the appearance "to be set at a later date and time." (ECF No. 20-2 at 3). Defendant was subsequently present at an immigration hearing. On November 3, 1997, Defendant was ordered removed.

On February 18, 1998, Defendant was served with a NTA in immigration court for removal proceedings. The NTA indicated the appearance "to be set at a later date and time." (ECF No. 20-2 at 8). Defendant was subsequently present at an immigration hearing. On March 28, 1998, Defendant was ordered removed.

On August 29, 2018, an Indictment was filed charging Defendant was a removed alien found in the United States in violation of 8 U.S.C. § 1326 (a) and (b).

On December 20, 2018, Defendant filed a motion to dismiss the indictment on

the grounds that his prior removal order is invalid. Plaintiff United States filed an opposition to the motion to dismiss.

## APPLICABLE STANDARD

A predicate removal order is a necessary element of a § 1326 prosecution. Under 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a removal order "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The entry of a removal order is fundamentally unfair for the purposes of § 1326(d)(3) only if the removal proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

## ANALYSIS

Defendant contends that the immigration judge did not have jurisdiction to conduct the removal proceeding in 1997 and 1998 because the NTAs served upon him contained no information regarding the date, and time of his hearings. Defendant contends that jurisdiction does not vest and removal proceedings do not commence where the notice to appear under §1229(a) fails to designate the specific time or place of the removal proceedings. Defendant asserts that the recent Supreme Court case, *Pereira v. Sessions*, 136 S.Ct. 2105 (2018), held that an NTA missing the time and date does not comply with the requirements of §1229(a)(1) and cannot serve to vest jurisdiction in the immigration court to enter a valid order of removal. Defendant asserts that his removals without jurisdiction establish prejudice.

Plaintiff United States contends that Defendant's prior removals are valid. Plaintiff United States asserts that the immigration judge was expressly conferred with the authority to conduct the removal proceedings. Plaintiff United States asserts that the date and time on the NTA is not a prerequisite to the vesting of jurisdiction to conduct removal proceedings. Plaintiff United States asserts that Defendant waived any

challenge to the NTA by appearing at the immigration hearings in 1997 and 1998 without objection. Plaintiff United States contends that the vesting of jurisdiction is addressed in 8 C.F.R. § 1003.15 and provides no requirement to include the time and place on the NTA. Plaintiff United States contends that the *Pereira* decision is limited to the application of the stop time rule in § 1229b(d)(1).

In *Pereira v. Sessions*, 138 S.Ct. 2105 (2018), the United States Supreme Court addressed the "narrow question" whether "a document that is labeled 'notice to appear,' but . . . fails to specify either the time or place of the removal proceedings . . . trigger[s] the stop-time rule." *Id*. at 2110. The Court stated, "The answer is as obvious as it seems: No. A notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." *Id.*

The Supreme Court concluded:

> The statutory text alone is enough to resolve this case. Under the stop-time rule, "any period of . . . continuous physical presence" is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1). By expressly referencing § 1229(a), the statute specifies where to look to find out what "notice to appear" means. Section 1229(a), in turn, clarifies that the type of notice "referred to as a 'notice to appear' " throughout the statutory section is a "written notice . . . specifying," as relevant here, "[t]he time and place at which the [removal] proceedings will be held." § 1229(a)(1)(G)(i). Thus, based on the plain text of the statute, it is clear that to trigger the stop-time rule, the Government must serve a notice to appear that, at the very least, "specif[ies]" the "time and place" of the removal proceedings.

*Id.* at 2114.

8 U.S.C. §1229a(a)(1) provides that "[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability." 8 U.S.C. §1229a(a)(1). Section 1229(a) provides in part, " In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying . . . [t]he time and place at which the [removal] proceedings will be held." Section 1229(a)(1)(G)(i). The statutory text of §1229(a) explicitly addresses the notice requirements to "the alien" – "written

notice"; "in person" or "by mail"; and specifying integral information. However, the statutory language in §1229(a) does not address the vesting of jurisdiction in the immigration court.

8 U.S.C. § 1103(g)(2) expressly provides the authority conferred upon the Attorney General to "establish such regulations . . . as the Attorney General determines to be necessary for carrying out" the immigration laws. 8 U.S.C. § 1103(g)(2). Pursuant to this delegation of authority, the Attorney General has promulgated regulations setting forth the requirements to commence proceedings in immigration court.

"Once a notice to appear is filed with the Immigration Court . . . jurisdiction over the individual's immigration case vests with the IJ, and it is the IJ's duty to adjudicate the case." *Gonzales-Caraveo v. Sessions*, 882 F.3d 885, 890 (9th Cir. 2018). 8 C.F.R. § 1003.14(a) provides that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service. " 8 C.F.R. § 1003.15 explicitly address the requirements to vest jurisdiction before the Immigration Court and does not require that the Order to Show Cause and the Notice to Appear include time and place in order to vest jurisdiction in the immigration court. These provisions do not conflict with the notice requirements to the alien in §1229(a). The narrow issue of triggering of the stop-time rule under 8 U.S.C. § 1229b(d)(1) decided in *Pereria* does not effect the vesting of jurisdiction in the immigration court or invalidate the regulations establishing the commencement of immigration proceedings. *See Karingithi v. Whitaker*, No. 16-70885, 2019 WL 333335 (9th Cir. Jan. 28, 2019).

In this case, the Court finds that the procedural defect in the NTA under §1229(a) given to the Defendant was waived by the failure to raise an objection at the removal proceeding and cured by his appearance and participation in his removal proceeding. Defendant has not raised any further factual or legal challenges to the validity of his removal proceeding. The Court concludes that the 1997 and the 1998 removal orders are valid.

IT IS HEREBY ORDERED that the motion to dismiss the indictment due to an invalid deportation (ECF No. 20) is denied.

DATED: February 4, 2019

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge